COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


GINO V. JACKSON

                                                          MEMORANDUM OPINION[*]
v.      Record No. 2481-09-4                                   PER CURIAM
                                                              JUNE 1, 2010
PATRICIA ANNE JACKSON


                    FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                              Charles S. Sharp, Judge

            (Gino V. Jackson, *pro se*, on brief).

            No brief for appellee.


        Gino V. Jackson (husband) appeals an order in which the trial court found him in contempt

of the final decree of divorce and ordered him to pay Patricia Anne Jackson (wife) $13,000 in

arrears for her share of his military retired pay.  Husband argues that (1) the final decree of divorce,

entered August 1, 2008, is void *ab initio* because husband's guardian *ad litem* (GAL)[1]

misrepresented to husband that the hearing was for "status and motions only" and opposing counsel

failed to provide notice; (2) the trial court erred and demonstrated bias that adversely affected

husband by refusing to either dismiss or withdraw an adverse GAL who represented husband in his

divorce and had a conflict of interests; (3) the trial court erred and demonstrated bias that adversely

affected husband with the delay in signing an order from a July 20, 2007 hearing *nunc pro tunc* on

June 30, 2008; (4) the trial court erred and demonstrated bias by failing to provide husband with a

full and fair divorce trial on June 30, 2008 when it proceeded with the divorce without providing

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband was appointed a GAL because he is incarcerated.

notice and conducting a hearing to determine the value and ownership of the parties' real and personal property; (5) the trial court erred in proceeding with the divorce trial on June 30, 2008 and ordered distribution of property without appointing a committee; (6) the evidence was insufficient to find husband guilty of contempt of court, but sufficient to find wife guilty of contempt of court; (7) the trial court demonstrated bias that adversely affected husband by "misprisioning" [sic] wife and her counsel's use of undue influence and duress to obtain a deed of gift from husband on March 9, 2009 and then used wife's threatened legal action to coerce the deed as the show cause action against husband on July 21, 2009; (8) the trial court erred and demonstrated bias that adversely affected husband by finding that he was in contempt of court by order dated November 4, 2009 but providing a timeframe and criteria to purge said contempt by January 1, 2010; (9) the trial court erred and demonstrated bias that adversely affected husband by depriving him of the right to be present at the November 4, 2009 hearing to enter the judgment from the October 19, 2009 contempt hearing; (10) the trial court erred and demonstrated bias that adversely affected husband's ability to appeal the ruling from the October 19, 2009 hearing by failing to certify his written statement of facts and by not intervening to prevent the GAL and the court reporter's actions which precluded the timely completion of the transcript so that it could be filed in compliance with Rule 5A:8; (11) the trial court erred by determining the apportionment of husband's military retired pay began on August 1, 2008, rather than on February 1, 2009 after husband's previous appeal was dismissed by this Court; (12) the trial court erred and demonstrated bias that adversely affected husband by falsifying that there was a hearing on December 21, 2009 to disburse the funds from the court-ordered purging of contempt for the arrears from husband's military retired pay and falsifying that there was no authority for husband to participate in the hearing and present evidence via video conference on December 10, 2009; (13) the trial court erred and demonstrated bias that adversely affected husband by failing to dismiss husband's GAL in December 2009 after husband notified the

trial court of the GAL's "constructive ineffective representation" of husband and the GAL's efforts with the court reporter to prevent a transcript from being timely filed with the court pursuant to Rule 5A:8; and (14) the trial court erred and demonstrated bias that adversely affected husband and was designed to promote an undisclosed Giglio violation[2] to provide financial advantage to wife along with "misprisioning" [sic] criminal actions by wife against husband in furtherance of a racially motivated criminal conspiracy to deprive husband of due process and equal protection of the law.

Upon reviewing the record and the opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.[3]

BACKGROUND

The trial court entered a final decree of divorce on August 1, 2008. In July 2009, wife filed a "Petition for Rule to Show Cause," arguing that husband's failure to (1) sign a deed of gift and (2) pay wife 45% of his disposable military retired pay violates the terms of the final decree. In August 2009, husband filed a "Petition for Order to Show Cause Why Respondent Should Not Be Held in Contempt," arguing that wife failed to pay husband $1,730 for his share of the vehicles and provide him with the car titles to sign. In October 2009, husband filed a second petition for show cause, arguing that wife violated the protective order by contacting him. The trial court held a hearing regarding the show causes on October 19, 2009. On November 4, 2009, the trial court entered an order and held that wife did not willfully violate the protective order but husband did willfully violate the final decree and order to divide his military retired

_____

[2] See Giglio v. United States, 405 U.S. 150 (1973).

[3] On May 17, 2010, appellant filed a "Notice and Motion to Expand the Record." We deny that motion.

pay. The trial court ordered husband to pay wife $13,000, representing the arrearage owed for her share of his military retired pay.[4] Husband timely noted his appeal.

ANALYSIS

Issues 1 through 5 and 14

In 2008, husband appealed the final decree of divorce, which was entered by the trial court on August 1, 2008. Among other questions presented in the 2008 appeal, husband argued that the trial court erred in (1) signing an order on June 30, 2008 *nunc pro tunc* to July 20, 2007; (2) failing to provide notice of the divorce trial on June 30, 2008; (3) forcing husband to be represented by a "constructively incompetent and adverse" guardian *ad litem*; (3) distributing the marital assets and determining the property in question and its value; and (4) failing to have a committee present at the June 30, 2008 "unnoticed divorce trial" and at the August 1, 2008 hearing.[5] Without addressing the merits of husband's appeal, this Court summarily affirmed it by order dated January 21, 2009, due to husband's failure to provide a transcript or written statement of facts, which was indispensable to a determination of the issues on appeal.

The first five issues of this appeal are the same issues previously presented to the Court in husband's 2008 appeal. In addition, the last issue on appeal relates back to the final decree and husband's criminal conviction in 2005.

"*Res judicata* is a judicially created doctrine founded upon the 'considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties.'" Neff v. Commonwealth, 39 Va. App.

---

[4] The trial court further ruled that the real property be sold and appointed a special commissioner for the purpose of selling the property.

[5] See Jackson v. Jackson, Record No. 2016-08-4 (Va. Ct. App. Jan. 21, 2009).

13, 17-18, 569 S.E.2d 72, 74-75 (2002) (quoting <u>Bates v. Devers</u>, 214 Va. 667, 670, 202

S.E.2d 917, 920 (1974)).  The doctrine of *res judicata* provides as follows:

> "When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered.  As to such matters a new suit on the same cause of action cannot be maintained between the same parties."

<u>Lofton Ridge, LLC v. Norfolk Southern Rwy. Co.</u>, 268 Va. 377, 381, 601 S.E.2d 648, 650

(2004) (quoting <u>Kemp v. Miller</u>, 166 Va. 661, 674-75, 186 S.E. 99, 103-04 (1936)).  "'A

judgment of dismissal which is intended to be and is a disposition on the merits of a claim is a

final judgment on the merits.'"  <u>Highsmith v. Commonwealth</u>, 25 Va. App. 434, 440-41, 489

S.E.2d 239, 242 (1997) (quoting 8B Michie's Jurisprudence, <u>Former Adjudication or Res

Judicata</u> § 12 (1996)).

　　*Res judicata* applies in this case.  In husband's first appeal to this Court, he listed

numerous arguments stemming from the trial court's entry of the final decree.  However, we

summarily affirmed that appeal due to husband's failure to file a transcript or written statement

of facts, which was indispensable to the determination of issues on appeal. Husband also

previously appealed his criminal conviction, and we denied the petition for appeal.[6]  Thus, any

attempt by husband to relitigate these issues that were raised or could have been raised in his

prior appeals is barred by the doctrine of *res judicata.*

---

[6] <u>See</u> <u>Jackson v. Commonwealth</u>, Record No. 2569-05-4 (Va. Ct. App. Oct. 19, 2006).

<u>Issues 6, 10, and 13</u>

Husband argues that the evidence was insufficient to find him guilty of contempt and sufficient to find wife guilty of contempt. The trial court held the show cause hearing on October 19, 2009. A court reporter was present for the hearing; however, the transcript was not timely filed. Husband filed a written statement of facts and provided proper notice. The trial court entered an order on December 10, 2009 and found that the statement of facts was "incomplete and inaccurate as it does not properly reflect the proceedings and consists almost entirely of conclusions and argument." The trial court ordered "and certified in accordance with Rule 5:11(D)(4) of the Rules of the Supreme Court of Virginia that the record is incomplete for the purposes of appeal."[7] Therefore, the record on appeal does not contain a timely filed transcript or written statement of facts from the October 19, 2009 hearing. <u>See</u> Rule 5A:8(a) and (c).

We conclude that a transcript or written statement of facts is indispensable to a determination of these questions presented on appeal. <u>See</u> <u>Anderson v. Commonwealth</u>, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); <u>Turner v. Commonwealth</u>, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). Accordingly, we affirm the trial court's findings of contempt.

Husband argues that the trial court erred in not intervening when his GAL and the court reporter acted in complicity to prevent the timely completion of the transcript. Furthermore, he argues that the trial court erred by failing to order the withdrawal of husband's GAL after notice of the GAL's "constructive ineffective representation" and of the actions of the GAL and court reporter that prevented the transcript from being timely filed.

---

[7] Rule 5A:8(d)(4) is the equivalent rule for this Court.

An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc). The trial court was under no obligation to ensure the timely completion of the transcript. The trial court also certified that the record was incomplete. See Rule 5A:8(d)(4). Husband did not comply with Rule 5A:8.

On December 10, 2009, the trial court denied husband's motion to dismiss his GAL because the trial court found that the GAL had "competently served as guardian *ad litem* in this matter." There is no evidence that the GAL did not adequately represent husband, or that the trial court erred in not dismissing the GAL.

### Issues 7 and 11

Husband argues that the trial court demonstrated bias that adversely affected him because the trial court did not find that wife and her counsel used undue influence and duress to obtain a deed of gift from husband and threatened legal action against him unless he signed it. Husband also contends the trial court erred in determining that he owed wife for her share of his military retired pay from August 1, 2008, when the trial court signed the order dividing his military retired pay, as opposed to February 1, 2009, when this Court affirmed husband's appeal.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Husband did not comply with Rule 5A:20(e) because husband did not fully develop his arguments for issues 7 and 11 in his opening brief. His citation to legal authorities do not support his questions presented.

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this

Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider these issues. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Issue 8

Husband argues that the trial court erred in finding that husband was guilty of contempt, but provided a timeframe and criteria to purge himself of contempt. Husband paid the required amount, $13,000, prior to the January 1, 2010 deadline.

The November 4, 2009 order does not contain a purge clause. It states:

> IT FURTHER APPEARING that [husband] has willfully violated the terms of the Final Decree of Divorce and the Order to Divide Service Member's Military Retired Pay, he is hereby held in contempt of this Court's orders, . . . and it is hereby
>
> ORDERED that [husband] shall pay to the [wife] the sum of $13,000.00, representing the arrearage in military retirement pay obligation by January 1, 2010 . . . ."

A trial court speaks through its written orders. See McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001); Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008). The trial court did not err in finding husband guilty of contempt even though he paid the $13,000 by the January 1, 2010 deadline because the order to pay the arrearage did not contain a purge clause.

Husband argues that the trial court erred in not allowing husband to appear at the November 4, 2009 hearing for entry of the order from the October 19, 2009 hearing. Husband also contends that he was not given an opportunity to note his objections to the ruling.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

Husband failed to preserve these issues for appeal. He asks that the Court invoke the exceptions for good cause and ends of justice. Husband was present at the October 19, 2009 hearing and sent numerous letters and documents to the trial court between the October 19, 2009 hearing and his notice of appeal. He had ample opportunity to note any objections to the trial court's ruling. Furthermore, his GAL was present at the hearing and noted his objections to the November 4, 2009 order. Thus, the good clause exception does not apply.

Furthermore, "[i]n order to avail oneself of the ends of justice exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added). Here, husband did not show that a miscarriage of justice occurred.

## Issue 12

Husband presents a two-part question in issue 12. First, he argues that the trial court erred and demonstrated bias that adversely affected him by falsely asserting there was a hearing on December 21, 2009 to disburse the $13,000 arrearage payment to wife. The trial court entered an order on November 24, 2009, on its own motion, stating that it would conduct a

hearing on December 21, 2009 at 9:00 a.m. "regarding disbursement of the funds paid by" husband. Husband presents no evidence to support his allegation that a hearing did not occur, and there is no transcript of the hearing.[8] Furthermore, he cites to no legal authorities to support his argument. See Rule 5A:20(e). Unsupported assertions of error "do not merit appellate consideration." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider this sub-part of issue 12. See Parks, 52 Va. App. at 664, 666 S.E.2d at 548.

Second, husband argues that the trial court falsely stated that there was no authority for husband to participate in the December 21, 2009 hearing and present evidence via video conference. On December 8, 2009, husband filed a motion requesting that he participate in the December 21, 2009 hearing via video conference. In his motion, he cited Code § 8.01-412.4 as authority to allow him to participate in the hearing via video conference. However, as the trial court stated in its December 10, 2009 order, Code § 8.01-412.4 relates to depositions, not court proceedings.

On appeal, husband argues that Code § 17.1-513.2 provided the trial court with authority to allow husband to participate via video conference. Husband did not present this argument to the trial court. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[8] The record does contain a document, which wife signed, indicating that she received the check for $13,000 on December 22, 2009.